FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAVID JOSEPH M.,

                Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

                Defendant.

No. 2:20-cv-00103-SMJ

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff David Joseph M. appeals the Administrative Law Judge's (ALJ) denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). He alleges that the ALJ erred by (1) failing to identify that he had severe mental impairments, (2) finding his substance abuse was a material factor contributing to the disability, (3) failing to order a consultative psychological examination, including cognitive testing, and (4) failing to assign his subjective testimony about his functional limitations significant weight. ECF No. 15 at 10, 13. The Commissioner of Social Security ("Commissioner") disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No. 16 at 14, 18.

Before the Court, without oral argument, are the parties' cross-motions for

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 1

summary judgment. ECF Nos. 15, 16. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court agrees with the Commissioner and affirms.

## PROCEDURAL HISTORY[1]

Plaintiff applied for DIB and SSI benefits in April 2015 and filed another claim for disability benefits in December 2017, alleging his disability began in August 2011. AR 193–199, 200–207, 991 & 1149. The ALJ conducted a hearing, finding Plaintiff not disabled and entered an unfavorable decision denying his application for DIB and SSI benefits. AR 1083–103. Plaintiff appealed that decision, but the Appeals Council found that the reasons submitted did not provide a basis for changing the ALJ's decision and denied his request for review. AR 1104–10. Plaintiff thus sought relief and filed a complaint in this Court. AR 1111–13. On review, this Court granted in part Plaintiff's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the matter to the Commissioner for additional proceedings under 42 U.S.C. § 405(g). AR 1118–46.

Pursuant to this Court's remand order, the Appeals Council directed the ALJ

---

[1] The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decisions, and the parties have also incorporated the relevant facts by reference in their respective cross-motions for summary judgment, *see* ECF No. 15 at 2 & ECF No. 16 at 4–5, and discussed any additional relevant facts in their briefing on those motions. *See generally id*. The Court thus provides only a short procedural summary here.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 2

to readdress step 2 of the sequential evaluation process and reevaluate whether Plaintiff's substance use is a material factor contributing to his disability. AR 991. The ALJ thus conducted a second hearing, and Plaintiff appeared and testified. AR 1048–1082. Following the hearing, the ALJ again found Plaintiff not disabled within the meaning of the Social Security Act due to his polysubstance use disorder and entered an unfavorable decision denying his application for benefits. AR 988–1011.

Plaintiff again sought review in this Court, leading to the instant cross-motions for summary judgment. ECF Nos. 1, 15 & 16.

## DISABILITY DETERMINATION

A "disability" is defined, for the purposes of receiving SSI and DBI benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny

their claim. *Id.* If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the twelve month duration requirement in Section 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id.* If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id.*; 404 Subpt. P App. 1. If their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id.*; *see also* §§ 416.920(f), (h),

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 4

416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id*.; *see also* §§ 404.1520(g), (h), 404.1560(c).

In cases involving "drug addiction and alcoholism" (DAA), Social Security Ruling (SSR) 13-2p, No. SSA-2012-0006, 2013 WL 621536 (Feb. 20, 2013), provides guidance for evaluating whether a claimant's substance use is material to the disability determination. It instructs adjudicators to "apply the appropriate sequential evaluation process twice. First, apply the sequential process to show how the claimant is disabled. Then, apply the sequential evaluation process a second time to document materiality." *Id.* at *6.

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to the Commissioner to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also* SSR 13-2P, 2013 WL 621536, at *4 ("The claimant has the burden of proving

disability throughout the sequential evaluation process. Our only burden is limited to producing evidence that work the claimant can do exists in the national economy at step 5 of the sequential evaluation process."). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id*.; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since August 31, 2011, the alleged onset date." AR 994.

At step two, the ALJ found that Plaintiff had only the one severe impartment: "polysubstance use disorder (20 CFR 404.1520(c) and 416.920(c))." *Id*.

At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impartments." AR 998.

At step four, the ALJ found that Plaintiff had

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine, repetitive tasks; he can have no interaction with the public and limited contact with co-workers and supervisors; and he would be "off task" 10 percent of the workday and miss more than two days of work per month.

AR 999. Plaintiff "has past relevant work as a welder and research assistant," but the ALJ found "that the claimant is unable to perform past relevant work as actually or generally performed when his polysubstance use disorder is a factor." AR 1001.

At step five, the ALJ considered Plaintiff's age, education, and work experience and found "no jobs that exist in significant numbers in the national economy that the claimant can perform" when considering his polysubstance use disorder. AR 1000. "A finding of 'disabled' is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines." *Id*. Still, the ALJ determined, "[i]f the claimant abstained from his substance use, he would have no medically determinable mental impairment, and no severe physical impairment." AR 1000–01.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 7

evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The ALJ must base its determination on "more than a mere scintilla" of evidence, *id*. at 1154, but need not support its decision by a preponderance of the evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.     Substantial Evidence Supports the ALJ's Finding that Polysubstance Use Disorder Was Plaintiff's Only Severe Impairment Within the Meaning of the Social Security Act**

Plaintiff argues the ALJ erred by concluding he has no severe mental impairments other than substance abuse. ECF No. 15 at 10–14. The Court disagrees.

"An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The Ninth Circuit has recognized that Congress aimed "'to discourage alcohol and drug abuse, or at least not to encourage

it with a permanent government subsidy." *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (quoting *Ball v. Massanari*, 254 F.3d 817, 824 (9th Cir. 2001)). "Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA Analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007) (citing 20 C.F.R. § 404.1535(b)); *see also* SSR 13-2P, 2013 WL 621536.

The key factor when evaluating whether DAA is material to the determination of disability is whether the ALJ would still find the claimant disabled if they stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b)(1). In making this determination, the ALJ evaluates which of the claimant's current physical and mental limitations would remain if the claimant stopped using drugs or alcohol. *Id*. § 404.1535(b)(2). The ALJ then determines whether any or all the claimant's remaining limitations would be disabling. *Id*. If the ALJ determines that the claimant's remaining limitations would not be disabling, they will find that the claimant's DAA material to the determination of disability. *Id*. § 404.1535(b)(3). If the ALJ determines that the claimant's remaining limitations are disabling, the claimant is disabled independent of their DAA, and the ALJ will find their DAA immaterial to the determination of disability. *Id*. § 404.1535(b)(4). "[T]he claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor

material to his disability." *Parra*, 481 F.3d at 748.

To begin with, the ALJ here "acknowledge[d] that the medical evidence the claimant submitted includes diagnoses of schizoaffective disorder, major depressive disorder, unspecified mood disorder, unspecified anxiety disorder, post-traumatic stress disorder, attention-deficit hyperactivity disorder, learning disorder, anti-social personality disorder, panic disorder, and bipolar disorder by acceptable medical sources." AR 994. But the ALJ then emphasized the medical evidence also documents a history of substance abuse. *Id*. For example,

> Elizabeth Koenig, M.D., diagnosed the claimant with polysubstance use and dependence in addition to other mental impairments, and she stated that he "clearly has numerous challenges, not all of which can be explained by illicit drug use" (5F). John Arnold, Ph.D., also diagnosed the claimant with a severe opioid use disorder along with other mental impairments, and he opined that the substance use "probably had a significant impact on his mental health and ability to function" (9F). The psychological evaluators at the state agency level of disability determination likewise listed substance addiction disorders with other mental impairments as the claimant's severe impairments.

AR 994–95. The ALJ concluded that while "[t]he evidence from Drs. Koenig, Arnold, and the psychological evaluators at the state agency level suggest the presence of a medically determinable impairment, . . . the statements of Glenn Griffin, Ph.D., and Dana Harmon, Ph.D., indicate that the claimant's substance use precludes a finding that he has a medically determinable mental impairment at all." AR 995.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

"Dr. Harmon concluded in October 2015 that there was 'no reliable evidence of a mental disorder distinct from the impacts of [the claimant's] chemical dependency.'" *Id*. (record citation omitted). And Dr. Griffin testified at Plaintiff's "first hearing that the diagnoses from the acceptable medical sources listed above could not be accurately made without excluding the effects of substance use. He stated that the claimant's ongoing substance use precluded exclusion of substance use as the cause of symptoms, thereby rendering the diagnoses unsupportable." *Id*.

At the second hearing on remand, the ALJ questioned Dr. Griffin again. *Id*. "[Dr. Griffin] noted that the claimant continued to abuse substances, as his drug screens from November 2018, June 2019, and September 2019, among others, were positive for amphetamines and benzodiazepine." AR 995. The ALJ thoroughly analyzed Dr. Griffin's reasoning about why Plaintiff's substance abuse precluded definitive diagnoses of the several documented mental disorders and asked him pointed questions clarifying the apparent discrepancy between his medical opinion and that of several other doctors. *See id*. Among other things, the ALJ thoroughly addressed why the opinions of Drs. Griffin and Harmon deserve great weight and, on the other hand, why the opinions of Drs. Koenig, Arnold, Arrienda, and Metoyer deserve little weight. *See generally* AR 994–1003. The ALJ likewise notes and cites medical evidence in the record establishing

[t]he claimant had positive drug screens in October, November, and

December 2016 (9A/12). He also asserted at the most recent hearing in January 2020 that he had not used amphetamines or opiates since the February 2017 hearing, but his toxicology screens are positive for amphetamines and/or opiates each month from December 2017 through September 2018, January 2019 through March 2019, and May 2019 through July 2019 (34F/26-28, 30, 32, 33, 37-39, 41-45, 47).

AR 997–98. The ALJ thus determined Plaintiff's "reports of sobriety are unreliable unless confirmed by testing." AR 998. He also concluded "that portions of SSR 13-2p relating to evaluation of psychiatric disorders that co-occur with a substance use disorder are inapplicable." AR 996. The ALJ ultimately found Plaintiff's "only medically determinable impairment is his polysubstance use disorder." AR 998.

"[W]hen DAA is the only impairment adjudicators can go directly to step three and deny the claim because DAA is material." SSR 13-2P, 2013 WL 621536, at *5. This Court agrees with the ALJ that the record offers no evidence supporting the notion that Plaintiff's mental disabilities would remain if he stopped abusing methamphetamine, opioids, and other drugs. *See generally* 20 C.F.R. § 404.1535(b); AR 994–1003. Moreover, this Court respects that "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir.1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.")).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 12

In sum, Plaintiff failed to meet his burden of proving that his polysubstance use disorder was not a contributing factor material to his mental health-related disabilities. *See Parra*, 481 F.3d at 750. The ALJ applied the proper legal standards and supported his decision with substantial evidence in the record. *See Molina*, 674 F.3d at 1110. He made reasonable inferences supported by the record and relied on substantial evidence to support his conclusion on DAA materiality. Just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). For these reasons, this Court finds no error and Plaintiff's argument fails.

**B.    The ALJ Properly Denied Plaintiff's Request for an Additional Consultative Exam**

Plaintiff next argues the ALJ erred by failing to order an additional psychological evaluation. ECF No. 15 at 13. This Court disagrees.

"An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)).

Plaintiff underwent three consultative psychological evaluations (performed by Dr. Arnold, AR 436–41; Dr. Koenig, AR 351–61; and Dr. Metoyer, AR 1366–70) before the ALJ found Plaintiff's "only medically determinable impairment is

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13

his polysubstance use disorder." AR 998. Moreover, Dr. Harmon reviewed the medical records for the State, highlighting there was "no reliable evidence of mental disorder distinct from the impacts of [Plaintiff's] chemical dependency." AR 982.

This Court finds the record was neither ambiguous nor inadequate for the ALJ to properly evaluate of the evidence. *See Ford*, 950 F.3d at 1156. Given that the ALJ had years of Plaintiff's mental health records and multiple opinions from several doctors to inform his decision, he had no duty to develop the record further. *See id.*

**C.  Because the ALJ Properly Denied Plaintiff's Claim Based on DAA Materiality, This Court Need Not Address Plaintiff's Arguments Concerning Later Steps in the Sequential Analysis**

Plaintiff contends that the ALJ should have afforded significant weight to his subjective testimony when addressing his functional limitations. ECF No. 15 at 13. But because substantial evidence supported the ALJ's finding (that Plaintiff's only medically determinable impairment is his polysubstance use disorder) at step two of the sequential analysis, this Court need not proceed to address whether the ALJ erred later in the sequential analysis. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520(a)(4) ("If [the Commissioner] can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.")).

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 14

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for summary judgment, **ECF No. 15**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. The Clerk's Office shall **ENTER JUDGMENT** for **DEFENDANT** and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 9th day of February 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge